**STANDARD DISTILLING & DISTRIBUTING CO. v. WOOLSEY et al.**

(Circuit Court, S. D. New York. July 3, 1902.)

1. EQUITY PLEADING—PLEAS—MOTION TO STRIKE OUT.
 Matters set up in a combined "plea and answer" in the form of pleas, but which might properly be pleaded by way of answer, will not be stricken out on motion. Nor will a plea to the jurisdiction, where the same point has been previously raised, and passed on adversely, on a motion for a preliminary injunction.

In Equity.

The motion for a preliminary injunction was opposed by defendant Woolsey on the ground that the court was without jurisdiction; the claim being that neither the complainant nor one of the several defendants—the Hammond Distilling Company—was a resident of the district in which the suit was brought. The objection was overruled, and, after the preliminary injunction was granted, defendant Woolsey served a paper designated as a plea and answer. Complainant moved to strike out the first six paragraphs as strictly pleas. The first went to the jurisdiction, based on the same ground as the objection to the granting of the injunction; the second set up want of capacity to enforce the contract; the third, want of necessary and indispensable parties; the fourth, that complainant had a plain, adequate, and complete remedy at law; the fifth, that the showing made by the bill did not entitle complainant to the relief prayed for; and the sixth, that there was a

misjoinder of parties. Defendant contended that, while the matter might be used as pleas, it could also properly be set up by way of answer.

Alexander & Green and Moran, Mayer & May, for plaintiff.
Otto Horwitz, for defendants.

### On Motion for Preliminary Injunction.

LACOMBE, Circuit Judge. The motion to enjoin the Hammond Distilling Company is denied. That company has not voluntarily appeared. This is not the district of its residence, and this court has not acquired jurisdiction of it. As to Woolsey, the case seems to be entirely plain; there is no substantial dispute as to the facts; and complainant may take injunction pendente lite restraining him from violating the conditions of his contract of June 29, 1898. The trust company is also enjoined against delivering the stock to Woolsey or to his order without further instructions from the court.

### On Motion to Strike Pleas from the Files.
(January 6, 1903.)

The phraseology of the combined plea and answer imports that six pleas are advanced, each of which goes to the whole bill. It is thought that the interests of justice, and the convenience of the parties and the court, will be best subserved, not by striking them out, thus leaving the answer shorn of averments which might fairly be presented in defense, but by allowing them all to stand as part of the answer, so that the whole case may be disposed of upon proofs as to all the issues raised by the combined pleadings—especially so as the points raised on the first plea have already been decided against the defendant on the motion for preliminary injunction.

It is so ordered.